This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 34,377**

**RED DAWN HENDERSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, convicting him for aggravated battery with a deadly weapon and sentencing him to seven years incarceration and two years of parole under the habitual offender statute. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded that he has demonstrated error. We therefore affirm.

{2}     Defendant raises one issue on appeal, asking whether the district court erred by denying his motion for a mistrial after the court refused to dismiss the day's venire panel, after one prospective juror stated within earshot of others that she was Defendant's grade school teacher and Defendant always was a trouble-maker and was most likely guilty. [DS 3-4; MIO 4-6] Our notice proposed to hold that the district court judge applied the appropriate remedies to remove any potential taint from the venire, based on representations in Defendant's docketing statement that the district court (1) agreed to strike all jurors who heard the comments and (2) went back on the record with the full venire and asked if anyone heard comments made in the hallway. [DS 3] The docketing statement further stated that none of the jurors stated that he or she had heard the comments. [DS 3] Defendant's memorandum in opposition to our notice states that the district court did not bring the entire panel in for questioning, but

rather identified potential jurors from the hallway based on a video with no audio and individually questioned them. [MIO 3, n.3] The memorandum in opposition further states that multiple other people were in the hallway and that one juror who was not involved in the conversation nevertheless heard the comments. [MIO 4] The district court denied the motion for a mistrial, finding that its remedy was sufficient and expressing doubt that the entire jury panel was tainted in a manner that would deny Defendant a fair trial. [MIO 4]

{3}     While we agree that the district court's remedy, as represented in the memorandum in opposition, is not as thorough a remedy as asking the entire jury venire if anyone heard the comments, Defendant's argument that he was denied a fair and impartial jury under these new facts continues to be speculative. Defendant still cannot point out any particular juror who was tainted by the comments, and we have no reason to believe that any particular tainted juror would be revealed by the full record. *See State v. Gardner*, 2003-NMCA-107, ¶ 16, 134 N.M. 294, 76 P.3d 47 ("Defendant cannot prevail on appeal unless he demonstrates that the jurors finally selected were biased or prejudiced.").

{4}     In *Gardner*, the prosecution selected a jury based on venire questions that the defendant believed pre-qualified the jury pool to accept the State's complete theory of the case. *See id.* ¶ 15. This Court in *Gardner* held that there is no abuse of

discretion in permitting this jury to serve where the defendant could not prove prejudice on the appellate record. *See id.* ¶¶ 16-17. In the current case, although Defendant has presented facts in response to our notice that may create a greater potential for prejudice, Defendant nevertheless "does not direct us to anything in the record suggesting that the jurors ultimately impaneled were biased or motivated by partiality." *Id.* ¶ 17. There is no indication that Defendant sought and was prevented from questioning the entire venire, nor that he obtained any sworn statements from the impaneled jury indicating that they were motivated by partiality based on the comments made in the hallway.

{5}     Under the circumstances, it appears to us that Defendant must seek some form of post-conviction remedy that would permit him to develop a record to support his claim of a mistrial. *See, e.g.*, *State v. Crocco*, 2014-NMSC-016, ¶ 13, 327 P.3d 1068 (stating that where the error on appeal is premised upon facts that were not sufficiently developed in the trial record, the claim of error should "be addressed in a post-conviction habeas corpus proceeding, which may call for a new evidentiary hearing to develop facts beyond the record, *see* Rule 5-802(E)(3) NMRA (allowing a court to hold evidentiary hearings in habeas corpus proceedings), rather than on direct appeal of a conviction as in the case before us").

{6}     For the reasons stated above and in relevant portions of our notice, we affirm.

{7}    **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**J. MILES HANISEE, Judge**